**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rene Albert Varelas, | No. CV-21-00170-TUC-DCB |
| Plaintiff, | **ORDER** |
| v. | |
| Centurion Detention Health Services LLC, | |
| Defendant. | |

Defendant seeks clarification from the Court regarding a prior discovery order directing it to produce Centurion's policies and procedures related to patient care at the jail. Plaintiff seeks sanctions related to the nondisclosure of this discovery.

On November 2, 2022, the Defendant filed a Motion for Summary Judgment.

On November 21, 2022, Plaintiff filed a Motion for Issuance of a Subpoena and on December 2, 2022, sought an extension of time to file the Response to the Motion for Summary Judgment. On December 20, 2022, the Court granted one last extension of time for Defendant to disclose policy and procedure information in response to the amended interrogatory: "Centurion's policies/procedures for providing proper medical care to patient(s) with injuries to abdomen, chest, groin or production of bodily fluids(blood) (coughing) (spitting)?" The Court noted that "discovery is closed and has been closed since June of 2022, except for limited discovery allowed for Defendant to complete responses to Plaintiff's amended interrogatories and getting him copies of his medical records and medical grievances from PCDC." (Order (Doc. 51) at 2.) The Court gave Defendants 21

days to make the disclosures and extended the time to 60 days for Plaintiff to file a Response to the Motion for Summary Judgment.

On January 10, 2023, the Defendant filed a Motion for Clarification because the Court's directive "to disclose policies or procedures followed by its staff relevant to providing patient care" swept so broadly that it captured wholly irrelevant information such as: tuberculosis screening tests, hepatitis B Vaccinations, contraception, adverse drug reactions, crushing medication, oral care, lactation breast pumping, hunger strikes, etc. On January 27,2023, the Defendant filed a Notice of Service; Defendant asserts it disclosed policies and procedures that it believed were relevant to the type of treatment and care at issue, here.

On the other hand, on December 27, 2022, the Plaintiff filed the Response to the Motion for Summary Judgment. He did not respond to the Motion for Clarification, but on January 17, 2023, he filed a Motion for Discovery Sanctions and several related documents (Docs. 57, 58, 60). The motion for sanctions was fully briefed on February 16, 2023, when he filed a Reply. This approach by Plaintiff precluded the Court from ruling expeditiously on the Defendant's Motion for Clarification.

Plaintiff argues that the Defendant still has not made the requisite disclosures, and that the disclosures the Defendant did make proves this, by reference to 6.2 Special Needs J-G-02 policy and procedures for Patients with Special Health Needs, Guidelines for Common Healthcare Problems, Guidelines for Potentially Urgent/Emergent Problems, and Trauma policy and procedure. He seeks sanctions for the referenced nondisclosures and Defendant's failure in the first instance to produce these policies and procedures, which forced Plaintiff to file the various motions to compel.

The Court reminds the Plaintiff that Defendant's disclosure responsibilities are framed by relevancy. Plaintiff alleges that when he arrived at the Pima County Jail in 2020, he had had abdominal surgeries in 2006-2008 that led to bladder reconstruction and intestinal and nerve damage. He was suffering from severe abdominal pain and discomfort that led to him spitting up blood. He alleges he had been treated for chronic pain at the San

1  Xavier Indian Clinic, and that when he sought similar treatment at the jail, he was told that,
2  pursuant to Defendant Centurion's policy, "they do not treat c[h]ronic pain at this facility."
3  The policy and procedures that are relevant are those that pertain to treatment or lack of
4  treatment for prisoners who suffer from chronic pain as a result of physiological conditions,
5  here, abdominal pain and discomfort, including spitting up blood.

6      Neither party informs the Court as to policies and procedures produced by
7  Defendants, but of those referenced by Plaintiff, the Court finds that Defendant should
8  produce, if it has not, the Guidelines for Common Healthcare Problems; Guidelines for
9  Potentially Urgent/Emergent Problems, and Special Needs J-G-02 policy and procedures
10 for Patients with Special Health Needs, Guidelines for Potentially Urgent/Emergent
11 Problems. These documents seem likely to fall within the realm of disclosures described
12 by the Defendant as policies generally involving the provision of healthcare in the jail that
13 could tangentially be related to medical care Plaintiff received or did not recieve. The
14 trauma policy and procedures pertain to recognizing trauma symptoms and the role that
15 trauma plays in patient treatment. This is not a relevant policy because it does not go to
16 show that Defendants either did or did not have policies and procedures for treating patients
17 with chronic pain.

18     The dispositive motion is fully briefed, with Plaintiff having filed the Response on
19 December 27, 2022, sooner than the 60 days allowed by the Court to enable him to review
20 the policies and procedure disclosures prior to responding to the Motion for Summary
21 Judgment. Disclosures were made on January 27, 2023, and he has not asked to supplement
22 the Response. Because the Plaintiff is pro se, the Court shall afford him one last opportunity
23 to supplement his Response, subsequent to Defendant providing the above three referenced
24 documents to him.

25     The Court denies the request for sanctions. The alleged nondisclosure of the policy
26 and procedure information was not a failure to comply with Fed. R. Civ. P. 26(a). The
27 Defendant does not intend to use any policy or procedure pertaining to the general
28 provision of healthcare at the jail facility, (Resp. to Motion for Sanctions (Doc. 61) at 5),

and Defendant is not "aware of any policy or procedure that governed the provision of 'proper' medical care to Plaintiff in connection with the issues in this case," *id.* at 3. The Court finds that the parties legitimately and reasonably disagreed about the Defendant's objection to disclosing policies and procedures, especially given the framing of the interrogatory by Plaintiff seeking policies and procedure "for providing proper medical care to patient(s) with injuries to abdomen, chest, groin or production of bodily fluids (blood) (coughing) (spitting)?" The relevancy of the inquiry, here, is whether there were, and if so, what were the policies and procedures for treating prisoners, who like the Plaintiff allegedly required pain management treatment for chronic pain due to physical injuries. It did not help that the Court could not rule on the Motion for Clarification expeditiously because the Plaintiff chose to respond with the related Motion for Sanctions.

**Accordingly,**

**IT IS ORDERED** that the Motion for Clarification and Extension of time to make Disclosures (Doc. 54) is GRANTED.

**IT IS FURTHER ORDERED** that within 7 days of the filing date of this Order, the Defendant shall produce to Plaintiff, if not already produced, the following: the Guidelines for Common Healthcare Problems; Guidelines for Potentially Urgent/Emergent Problems, and Special Needs J-G-02 policy and procedures for Patients with Special Health Needs, Guidelines for Potentially Urgent/Emergent Problems. Defendant shall file a Notice of date of production.

**IT IS FURTHER ORDERED** that discovery is closed; there shall be no further discovery in this case.

**IT IS FURTHER ORDERED** that the Plaintiff shall have 21 days from such production to file a Supplement to the Response to the Motion for Summary Judgment. Defendant shall have 14 days to file a Sur-reply. THERE SHALL BE NO FURTHER EXTENSIONS OF TIME.

/////

/////

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Discovery Sanctions (Doc. 56) is DENIED.

Dated this 28th day of February, 2023.

_____
Honorable David C. Bury
United States District Judge

- 5 -