WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rene Albert Varelas, | No. CV-21-00170-TUC-DCB |
| Plaintiff, | **ORDER** |
| v. | |
| Centurion Detention Health Services LLC, | |
| Defendant. | |

On February 28, 2023, the Court issued its last Order related to discovery and directed the Defendant to produce the Guidelines for Common Healthcare Problems; Guidelines for Potentially Urgent/Emergent Problems, and Special Needs J-G-02 policy and procedures for Patients with Special Health Needs, Guidelines for Potentially Urgent/Emergent Problems. On March 7, 2023, Defendant filed a Notice that it had complied with the Court's directives by providing the Plaintiff with copies of the "Guidelines for Common Healthcare Problems Digestive Documentation" and "Abdominal Pain Nursing Guidelines and Protocols." Defendant's Notice of compliance reflected that Standard J-G-02, Patients with Special Needs, is a standard set forth and published by the National Commission on Correctional Health Care (NCCHC), not Defendant Centurion. Accordingly, the NCCHC standards are not in the possession, custody or control of Defendant Centurion, but may be purchased online by the Plaintiff.

The Defendants' Notice alternatively sought clarification if the Court disagreed and wanted the Defendants to produce the Standard J-G-02.

Plaintiff had 21 days from the production of this discovery, March 28, 2023, to file a Supplement to the Response to the Motion for Summary Judgment. On March 13, the Plaintiff filed a Motion for Reconsideration (Doc. 65); on March 20, Plaintiff filed an Amended Motion for Reconsideration (Doc. 66) and a Response to Defendants' Notice of Production or Alternative Motion for Clarification (Doc. 68). Plaintiff "seeks this Court's Notice of support documents relation to genuine disputes (issues) raised by Plaintiff in his submitted motions to the Court for "sanctions" as well as his "Response" to: Motion for Clarification on behalf of the defense." (Amend Motion Reconsideration (Doc. 65) at 3.)

The Court does not need to Notice the relevancy of the Standard J-G-20 because the Court's Order (Doc. 63) has already addressed relevancy by ordering it discoverable. As noted in the Defendants' Notice of compliance with production directives, "the Standard J-G-02, Patients with Special Health Needs, was a standard referenced in the contract between Pima County and Centurion. (Notice (Doc. 64) at 3.) It seems clear that the relevant Standard J-G-02 is the one referenced in this contract, not the one posted today on NCCHC website. This Standard should be in the possession of the Defendants, and if not – Defendants shall secure it from the NCCHC and provide it to the Plaintiff. If Plaintiff wants the current Standard J-G-02, he may obtain it himself. The Court denies the Plaintiff's request to reconsider its denial of sanctions, except to the extent any costs are associated with production of the Standard J-G-02 referenced in the contract between Pima County and Centurion.

**Accordingly,**

**IT IS ORDERED** that Plaintiff's requests for reconsideration (Docs. 65 and 66) are DENIED.

**IT IS FURTHER ORDERED** that the Motion for [Further] Clarification (Doc. 64) is GRANTED: the Defendants have 7 days from the filing date of this Order to produce the Standard J-G-02 that was referenced in the contract between Pima County and Centurion.

**IT IS FURTHER ORDERED** that discovery is closed; there shall be no further

discovery in this case.

**IT IS FURTHER ORDERED** that the Defendants shall file a Notice of Production, and the Plaintiff shall have 21 days from such production to file a Supplement to the Response to the Motion for Summary Judgment. Defendant shall have 14 days to file a Sur-reply. THERE SHALL BE NO FURTHER EXTENSIONS OF TIME.

Dated this 28th day of March, 2023.

_____
Honorable David C. Bury
United States District Judge