**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rene Albert Varelas, | No. CV-21-00170-TUC-DCB |
| Plaintiff, | **ORDER** |
| v. | |
| Centurion Detention Health Services LLC, | |
| Defendant. | |

On November 2, 2022, Defendant filed a Motion for Summary Judgment when there was a discovery dispute pending. On December 20, 2022, the Court granted Plaintiff a 60-day extension of time to respond to the summary judgment motion for the Defendant to answer an amended interrogatory by producing policy and procedure information related to patient care. The Court noted that discovery was otherwise closed. (Order (Doc. 51)).

Prior to the relevant discovery being completed, on December 27, 2022, the Plaintiff filed the Response. For this reason, and because the Defendant sought further clarification from the Court before making the requisite disclosures, on February 28, 2023, the Court granted a 7-day extension for Defendant to disclose the Guidelines for Common Healthcare Problems; Guidelines for Potentially Urgent/Emergent Problems, and Special Needs J-G-02 policy and procedures for Patients with Special Health Needs, Guidelines for Potentially Urgent/Emergent Problems and, correspondingly, gave Plaintiff 21 days to file a Supplement to the Response to the Motion for Summary

Judgment. The Court denied a Motion for Sanctions filed by the Plaintiff in response to the Motion for Clarification of the Court's disclosure directives. (Order (Doc. 63)).

On March 7, 2023, Defendant noticed that it had complied with the disclosure directives, except it had not produced a National Commission on Correctional Health Care (NCCHS) Standard J-G-02, Patients with Special Needs because this was not a Centurion standard. The Plaintiff asked the Court to reconsider the Motion for Sanctions. The Court denied Plaintiff's motion and clarified that Defendant must produce the J-G-02 Standard that was referenced in the agreement between Centurion and Pima County, which should be in the possession of the Defendant, not the current standard. The Court gave the Plaintiff 21 days to file a Supplement to the Response to the Motion for Summary Judgment. (Order (Doc. 69)). Instead, the Plaintiff filed the Response on March 30, 2023, prior to the disclosure of the J-G-02 standard, which was made on April 5, 2023. On April 14, 2023, Defendant filed a Reply.

On April 20, 2023, the Plaintiff filed a Second Supplemental Response to the Motion for Summary Judgment. The Defendant filed a Motion to Strike and Alternative Sur-Reply. Given the timing of the production of the J-G-02 Standard, the Second Supplemental Response is accepted by the Court, and the document filed on 77 shall be treated as a Sur-Reply.

On May 5, 2023, the Plaintiff filed a Notice of Invoices and memorandum supporting the invoices related to costs leading up to the Court's order directing the disclosure of the J-G-02 Standard. The Plaintiff relies on the Court's Order (Doc. 69), issued on March 29, 2023, which denied Plaintiff's request to reconsider its Order (Doc. 63) denying sanctions, "except to the extent any costs are associated with production of the Standard J-G-02 referenced in the contract between Pima County and Centurion." (Order (Doc. 69) at 2.) This language was not an invitation for Plaintiff to seek costs associated with the Motion to Compel, including the subsequent requests for clarification and reconsideration. As this Court noted before when it denied the Motion for Sanctions:" the parties legitimately and reasonably disagreed about the Defendant's objection to disclosing

policies and procedures, especially given the framing of the interrogatory by Plaintiff . . ..'" (Order (Doc. 63) at 4.) The language relied on by the Plaintiff in the Court's Order denying him reconsideration and clarifying discovery was a prospective warning to Defendant that failure to produce the J-G-02 Standard that accompanied the Pima County/Centurion contract might result in sanctions. Production, however, has been made without any cost to Plaintiff. *See* (Notice (Doc. 72) (noticing mailing to Plaintiff of a copy of NCCHC Standard J-G-02 referenced in the contract between Pima County and Centurion).

Most importantly, Federal Rule 37(b) provides sanctions for failing to comply with a court order, including payment of "reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified, or other circumstances make an award of expenses unjust." Plaintiff is acting pro se and, therefore, he has incurred no attorney fees caused by any alleged discovery failures or noncompliance by Defendant. As it did when it denied the Motion to Compel, the Court finds that the motions for clarification filed by the Defendant were substantially justified as noted in the various Orders issued by the Court clarifying discovery and denying reconsideration of the denial of the Plaintiff's Motion for Sanctions.

**Accordingly,**

**IT IS ORDERED** that the Motion to Strike (Doc. 77) is DENIED, and the Court shall treat this document as a Sur-reply.

**IT IS FURTHER ORDERED** that to the extent the filings by the Plaintiff with invoices for costs (Docs. 78, 79) is a request for sanctions, it is DENIED.

/////
/////
/////
/////
/////
/////

**IT IS FURTHER ORDERED** that discovery is closed in this matter, and the Motion for Summary Judgment (Doc. 43) is now ripe and will be ruled on accordingly.

Dated this 4th day of June, 2023.

_____
Honorable David C. Bury
United States District Judge